# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH A. JACKSON,
    Appellant,

v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
DA-0752-14-0470-I-1

DATE: February 20, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Keith A. Jackson, New Orleans, Louisiana, pro se.

Isabel M. Robison, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his suspension appeal as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**Document #:** 1141384 v 1

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        Effective May 1, 2014, the agency placed the appellant, a City Carrier, in a non-duty, nonpay status following an alleged workplace incident.  Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 2-5.  The agency's letter informed the appellant of his Board appeal rights as a preference-eligible veteran who remained in a nonpay status in excess of 14 days.  IAF, Tab 2 at 5.  The appellant appealed the agency's action to the Board without requesting a hearing.  IAF, Tab 1.  He indicated on the initial appeal form that he was also appealing a negative suitability determination and a failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement.  *Id.* at 3.

¶3        The agency filed a motion to dismiss the appeal as moot, arguing that the agency rescinded the action and paid the appellant for the days he was placed in a nonpay status.  IAF, Tab 5 at 4-15.  Specifically, the agency asserted that it adjusted the appellant's pay status from unpaid leave to paid leave, beginning on May 1, 2014, through May 29, 2014, and placed him in a paid administrative leave status beginning May 31, 2014.  *Id.* at 10.  The agency also stated that the appellant was off work on May 30, 2014.  *Id.*  To support its assertions, the agency submitted copies of clock ring reports, Time and Attendance Codes

(TACS) AdjustPay adjustment certifications, and TACS codes. *Id.* at 52-68; *see id.* at 10.

¶4 The administrative judge issued a show cause order informing the appellant that an appeal may be dismissed as moot where the agency provides acceptable evidence showing that it has afforded the appellant all of the relief that he could have received if the matter had been adjudicated and he had prevailed. IAF, Tab 6. The administrative judge ordered the appellant to show cause why the appeal should not be dismissed as moot. *Id.* In a second show cause order, the administrative judge informed the appellant that his placement on enforced leave for more than 14 days is appealable as a suspension. IAF, Tab 7 at 1; *see Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (holding that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction). She also advised the appellant that the Board may not have jurisdiction over his claims that the agency made a negative suitability determination and failed to restore/reemploy/reinstate him or improperly restored/reemployed/reinstated him. IAF, Tab 7 at 2-3. The appellant did not respond to the agency's motion to dismiss the appeal as moot or either of the administrative judge's show cause orders.

¶5 In an initial decision based on the written record, the administrative judge dismissed the suspension appeal as moot. IAF, Tab 8, Initial Decision (ID) at 1, 4-5. She found that the agency's evidence showing that it paid the appellant for the days he was in a nonpay status and placed him on administrative leave was undisputed. ID at 4. She also found that the Board does not have jurisdiction over the appellant's allegations of a negative suitability determination and a failure to restore or reinstate him. ID at 2-4.

¶6 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed several responses. PFR File, Tabs 3, 5, 7-8.

<u>The appellant showed good cause for his untimely filed petition for review.</u>

¶7    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Because the initial decision was issued on August 19, 2014, the petition for review was due by September 23, 2014. ID at 1, 5. The appellant filed his petition for review 1 day late on September 24, 2014. PFR File, Tab 1; *see* PFR File, Tab 2 at 1. Concurrent with his petition for review, the appellant filed a motion to accept his untimely petition for review. PFR File, Tab 1 at 8.

¶8    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9    In his sworn motion to waive the time limit, the pro se appellant claims that good cause exists for the delay in filing his petition for review because he "was under the impression that the agency was going to make him whole by back paying him." PFR File, Tab 1 at 8. The agency has not opposed the appellant's motion and concedes that the pay adjustments had unexpectedly not been properly processed by the filing deadline. PFR File, Tab 5 at 5. Given the appellant's pro

se status and the minimal length of a 1-day delay, we find that the appellant has shown good cause for the filing delay under the circumstances and waive the filing deadline. *See Fitzpatrick v. Department of State*, 71 M.S.P.R. 318, 320-21 (1996) (a pro se appellant's misconstruction of the filing period was a reasonable excuse for his 1-day delay in filing his appeal).

The administrative judge properly dismissed the appeal as moot.

¶10 In his petition for review, the appellant does not dispute the administrative judge's finding that the Board lacks jurisdiction over this matter as a negative suitability determination or restoration appeal. *See* ID at 2-4. Instead, he argues that the administrative judge improperly dismissed his suspension appeal as moot because the agency has not afforded him all the relief to which he would be entitled had he prevailed. PFR File, Tab 1 at 4-6. Specifically, he alleges that, as of the date of the petition for review filing deadline, the agency has not paid him for the period of enforced leave from May 1, 2014, to May 29, 2014. *Id.* at 5. He also claims that the agency refused to release his clock ring sheets in a timely manner and asserts that the documents he submits on review were not available before the record closed. *Id.* at 3. To support his assertion that he has not been paid for the relevant dates, the appellant submits copies of TACS AdjustPay adjustment certifications, employee earnings statements, and clock ring reports. *Id.* at 9-29.

¶11 In response to the appellant's petition for review, the agency concedes that the appellant was not made whole by the time of the filing deadline. PFR File, Tab 5 at 5 ("After conducting an investigation, it appears—for reasons unknown—that the Postal Service's requested adjustments had not been properly processed."). Specifically, the agency obtained copies of pay journals revealing that the appellant had not been fully paid for the relevant time period. *Id.* at 8-19; *see id.* at 5-6. Next, the agency requested that further adjustments be made. *See id.* at 6. The agency obtained pay journals showing that the appellant was still due 8 hours of pay for three pay periods. *Id.* at 20-21; *see id.* at 6. The agency

then submitted Form 2240s requesting that the appellant be paid these missing 24 hours of pay. *Id.* at 22-24; *see id.* at 6. The agency now submits pay journals showing that the appellant has been paid the missing 24 hours during the relevant pay periods. PFR File, Tab 7 at 8-9, Tab 8 at 5-6. The agency argues that, because it has since paid the appellant for the period from May 1, 2014, through May 29, 2014, the appeal should be dismissed as moot. PFR File, Tab 7 at 4-7, Tab 8 at 4. The appellant has not filed a reply to the agency's responses.

¶12 The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board, and an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed. *Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981); *see Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010). When an agency cancels or rescinds an action after the action has been appealed, the Board may dismiss the appeal as moot. *Vidal*, 113 M.S.P.R. 254, ¶ 4. For an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Id.* An agency's expression of its intent to provide such relief is not sufficient to establish that the appeal is moot. *Id.* An appeal is not truly moot until all appropriate relief has been provided. *Id.*

¶13 Because the agency's evidence shows that the appellant has been paid for the period of enforced leave, we find that the appellant has been afforded all the relief to which he would have been entitled had he prevailed on his suspension appeal. *See* PFR File, Tabs 7-8. Therefore, we find that the appellant's appeal is moot.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.